UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LINDA BAIN,<br><br>                    Plaintiff,<br><br>v.<br><br>LOUTRICIA WILLIS, *et al.*,<br><br>                    Defendants. | Case No. 24-cv-10090<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS (ECF NO. 15) AND TO DENY PLAINTIFF'S
MOTION FOR LEAVE TO AMEND THE COMPLAINT
(ECF NO. 21)**

### I.    Introduction

Plaintiff Linda Bain, proceeding pro se, sues the Michigan Department of Labor & Economic Opportunity (LEO), Michigan Civil Service Department (CSD), and several individual defendants for alleged employment discrimination.  ECF No. 7; ECF No. 8.  Defendants move to dismiss the case, and Bain moves for leave to amend the complaint.  ECF No. 15; ECF No. 21.  The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).

ECF No. 13. The Court **RECOMMENDS** that defendants' motion be **GRANTED** and that Bain's motion be **DENIED**.

II.     **Background**

Bain, a 67-year-old African American woman, has worked for the Michigan Unemployment Insurance Agency (MUIA) for over thirty years. ECF No. 7, PageID.105; ECF No. 21-1, PageID.500-501. Bain filed an 87-page complaint alleging employment discrimination and later filed a 300-page first amended complaint (FAC).[1] ECF No. 1; ECF No. 7; ECF No. 8.

Bain alleges that the MUIA[2] and three of its supervisors discriminated against her based on age, race, gender, and disability status. ECF No. 7, PageID.104-105. She asserts discrimination claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and Michigan's Elliott-Larsen Civil Rights Act (ELCRA) and advances a state-law claim for assault. *Id.*, PageID.104-106, 113.

Defendants move to dismiss the case. ECF No. 15. With assistance from the pro se legal clinic, Bain moves to amend her complaint for a

---

[1] The FAC is an amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1), as it was filed before service was completed.

[2] Bain erroneously named MUIA as LEO and the CSD in the complaint.

second time. ECF No. 21. She seeks to withdraw all claims against the individual defendants and to dismiss without prejudice her FMLA and ADA claims, as well as her state-law claims. ECF No. 21, PageID.490-491. Bain's proposed second amended complaint (SAC) asserts three claims against LEO: (1) discrimination based on race, color, and religion in violation of Title VII; (2) discrimination based on race and color in violation of 42 U.S.C. § 1981; and (3) discrimination under the ADEA. ECF No. 21-1, PageID.505-512.

### III. Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must

3

show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

In her motion for leave to file a SAC, Bain concedes that some portions of her FAC were inadequately pleaded and that this Court lacks subject matter jurisdiction over other claims. ECF No. 21. She seeks dismissal without prejudice of her claims under the ADEA, the FMLA, the ADA, and the ELCRA. *Id.*, PageID.491, 494.

4

On top of that concession, the FAC does not meet the pleading standards of Federal Rule of Civil Procedure 8.  Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).  To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  *Id.* (cleaned up).

Bain's 300-page FAC is so rambling and disjointed that it renders her claims incomprehensible.  The FAC broadly alleges discrimination and retaliation and includes exhibits describing the alleged instances of discrimination in an incoherent, stream-of-conscious manner.  ECF No. 7; ECF No. 8.  The exhibits are also interspersed with long email exchanges whose relevance is unexplained.  *Id.*

For these reasons, defendants' motion to dismiss Bain's FAC should be granted.

## C.

As noted, Bain moves to amend her complaint to assert discrimination claims under Title VII, 42 U.S.C. § 1981, and the ADEA. ECF No. 21-1, PageID.505-512.  Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  Here, the claims in the proposed SAC are futile.

The Title VII claim is futile because Bain failed to exhaust it.  A plaintiff alleging a Title VII claim must first file an administrative charge with the Equal Employment Opportunity Commission (EEOC) that is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) (cleaned up).  A plaintiff may only pursue Title VII claims that were included in the EEOC charge or are "reasonably related to or grow out of the factual allegations in the EEOC charge."  *Id.*

6

Title VII protects against discrimination based on "'race, color, religion, sex, or national origin.'" *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017) (quoting 42 U.S.C. § 2000e-2(a)(1)). Bain's EEOC charge alleges age discrimination but does not mention race, gender, or disability discrimination. ECF No. 22-1. Because the charge was "completely devoid" of any allegations of discrimination based on race, gender, or disability, those claims are unexhausted. *Russ*, 720 F. App'x at 236-37 (a plaintiff failed to exhaust claims for discrimination based on race, color, and sex when the charge only alleged disability discrimination). And because Title VII does not protect against age discrimination, a Title VII discrimination claim is not reasonably related to the allegations in Bain's EEOC charge. *See id.*

Bain's proposed § 1981 claim fares no better. The Eleventh Amendment protects states, their departments, and agencies from suit in federal court for injunctive relief or monetary damages by their own citizens or citizens of another state. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Mich. Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 676 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020). Without clear abrogation of a state's immunity under a valid exercise of power, it may not be sued without its consent. *Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). The § 1981 claim—which seeks only monetary damages—is futile because sovereign immunity applies. *See Walker v. Ohio Dep't of Rehab. & Corr.*, 241 F. App'x 261, 265 (6th Cir. 2007) ("The district court correctly ruled that Walker's claim under 42 U.S.C. § 1981 is barred by the State's Eleventh Amendment immunity." (cleaned up)).

The ADEA claim is also futile because it is barred by sovereign immunity. The SAC acknowledges that LEO "has not expressly waived its sovereign immunity as to allow Plaintiff to claim damages under the ADEA," and Bain seeks only injunctive relief under that claim. ECF No. 21-1, PageID.505, 510-512. But "injunctive relief is available only against state officers—not the state itself—who violate federal law." *Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 335 (6th Cir. 2000); *see also Bradley v. Wayne Cnty., Third Cir. Ct.*, No. 23-11616, 2024 WL 3540437, at *4 (E.D. Mich. July 24, 2024).

## IV.     Conclusion

Thus, the Court **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** (ECF No. 15) and that Bain's motion to amend be **DENIED** (ECF No. 21).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 25, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

9

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2024.

                                        s/Julie Owens
                                        JULIE OWENS
                                        Case Manager